Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SEAN PINKERTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LIMANTZAKIS PROPERTIES L.L.C. et al,<br><br>　　　　Defendants. | No. 2:16-cv-01506TSZ<br><br>STIPULATION AND ORDER REGARDING PARTIES, FLSA JURISDICTION AND COVERAGE, PERSONAL GUARANTY, AND AMENDMENT TO ANSWER<br><br>NOTED FOR HEARING: August 14, 2017 |

## STIPULATION

The parties make the following stipulations regarding issues in this case:

1.　Plaintiff agrees to dismiss claims against all defendants, other than LP2A LLC: Limantzakis Properties LLC, Limantzakis Properties No. 1 LLC, Limantzakis Properties No. 2 LLC, Limantzakis Development LLC, John Limantzakis, Polette Limantzakis, Johnny Limantzakis, and Johnette Limantzakis (a.k.a. Johnette Katsanevas). Defendants will file a stipulated motion to dismiss those defendants and to modify the caption in this lawsuit to reflect the dismissal. The purpose of this dismissal is to remove the "Limantzakis" name from the caption of the complaint, and does not reflect any admission on behalf of either party regarding the validity of the claims asserted against the defendants to be dismissed.

2.　All Defendants currently in this case (Limantzakis Properties LLC, Limantzakis Properties No. 1 LLC, Limantzakis Properties No. 2 LLC, Limantzakis Development LLC, John Limantzakis, Polette Limantzakis, Johnny Limantzakis, Johnette Limantzakis (a.k.a. Johnette

STIPULATION - 1

No. 2:16-cv-01506TSZ

kf307101

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

Katsanevas), and LP2A LLC), agree that LP2A LLC is an "employer" within the meaning of the Fair Labor Standards Act ("FLSA"), though this does not limit LP2A LLC's ability to argue that Plaintiff was an independent contractor or tenant or both. All Defendants agree that any of their actions relevant to the claims in this case may be attributed to LP2A LLC. All Defendants agree that they will not take the position that LP2A LLC is the wrong defendant or is otherwise an improper defendant with respect to Plaintiff's claims, or is not responsible for the actions of any of the other presently named Defendants.

3. All Defendants agree that LP2A LLC is subject to FLSA jurisdiction and coverage, and that all predicate facts supporting such jurisdiction and coverage are conceded and admitted, including that LP2A LLC is an enterprise engaged in commerce or in the production of goods for commerce. This agreement is made to avoid a large amount of discovery that would be undertaken to prove such factual predicates. This does not limit LP2A LLC's ability to argue that Plaintiff was an independent contractor or tenant, or both.

4. As consideration for having the above named Defendants containing "Limantzakis" dismissed from this lawsuit and removed from the caption, on or before the day Defendants file the stipulated motion per paragraph 1 above, Defendant John A. Limantzakis shall execute and present to Plaintiff's counsel a personal guaranty to pay any final judgment Plaintiff obtains in this case, should Defendant LP2A LLC fail to pay the judgment. The guaranty shall be in the mutually-agreed upon form as set forth in Exhibit A to this Stipulation, including expressly stating that it shall survive Mr. Limantzakis and will remain in full force and effect and be binding upon his estate. Plaintiff shall move to collect on this guaranty only once the judgment is final and after all appeals have been exhausted. Nothing in this agreement precludes Plaintiff from executing any judgment against LP2A LLC during any appeal (or filing a claim in probate prior to the guaranty becoming due, if circumstances necessitate); nor does it preclude Defendants from staying execution of the judgment through supercedeas bond or posting security in the registry of the court deemed acceptable to the court.

STIPULATION - 2

No. 2:16-cv-01506TSZ

kf307101

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

5. Once this stipulation is entered, the other Defendants bearing the "Limantzakis" name are dismissed and removed from the caption, and Mr. Limantzakis has provided Plaintiff with the executed personal guarantee, Plaintiff stipulates that Defendant LP2A LLC may file an amended Answer to the complaint (pursuant to FRCP 8(c)(2) and 15(a)(2)) to assert a Counterclaim for damages alleging that Mr. Pinkerton wrongfully appropriated space at the subject motel owned by LP2A LLC. Nothing in this paragraph shall be construed as an admission by Plaintiff that the Counterclaim has any merit, or as a limit to Plaintiff's ability to raise any and all defenses against this claim.

| | |
|---|---|
| MacDONALD HOAGUE & BAYLESS | STOKES LAWRENCE |
| By: *s/ Joe Shaeffer* <br> Joe Shaeffer, WSBA # 33273 <br> Attorneys for Plaintiff | By: *s/ Kelby Fletcher* <br> Kelby Fletcher, WSBA # 5623 <br> Attorneys for Defendant |
| DATED this 14th day of August, 2017. | DATED this 14th day of August, 2017. |

DONOVAN EMPLOYMENT LAW PLLC

By: *s/ William Robert Donovan, Jr.*
　　 W. Robert Donovan, Jr. WSBA # 44571
　　 Attorneys for Plaintiff

DATED this 14th day of August, 2017.

Based upon the above stipulation of the Parties, IT IS SO ORDERED this 6th day of Sept, 2017.

_____
HONORABLE ~~THOMAS S. ZILLY~~ Marsha J. Pechman

STIPULATION - 3

No. 2:16-cv-01506TSZ

kf307101

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing STIPULATION AND ORDER REGARDING PARTIES, FLSA JURISDICTION AND COVERAGE, PERSONAL GUARANTY, AND AMENDMENT TO ANSWER with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record for defendants:

Kelby D. Fletcher
Michael R. Garner
Krista L. Nelson
Stokes Lawrence, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
e-mail: kdf@stokeslaw.com
e-mail: mrg@stokeslaw.com
e-mail: kln@stokeslaw.com
e-mail: Melissa.Raynor-Redmond@stokeslaw.com
e-mail: Wendy.Howard@stokeslaw.com

DATED this 14th day of August, 2017, at Seattle, Washington.

By: s/ William Robert Donovan, Jr.
William Robert Donovan, Jr. (WSBA No. 44571)
4500 Ninth Avenue NE, Suite 300
Seattle, WA 98105
Telephone: (206) 743-9234
E-Mail: bob@donovanemploymentlaw.com

Attorney for Plaintiff

STIPULATION - 4

No. 2:16-cv-01506TSZ

kf307101

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

# EXHIBIT A
## TO
## STIPULATION AND ORDER REGARDING
## PARTIES, FLSA JURISDICTION AND COVERAGE,
## PERSONAL GUARANTY, AND AMENDMENT TO ANSWER

## Personal Guaranty

If any final judgment should be obtained by Sean Pinkerton against LP2A LLC in the lawsuit currently pending in the United States District Court, Western District of Washington, Case No. 2:16-cv-01506TSZ, I, John Limantzakis, personally and unconditionally guaranty to promptly and fully pay the full amount of any such final judgment should LP2A LLC fail to pay the judgment. This guaranty extends to all forms of damages, including any award for attorneys fees and costs – whether awarded at the trial level, after any appeal, or otherwise.

This guaranty shall be continuing and irrevocable, shall survive me, and shall remain in full force and effect and be binding upon my estate. This guaranty supersedes any other statements or agreements that may be deemed inconsistent with it, for example – including, but not limited to, Paragraphs 6.3 and 6.4 of the November 1, 2016 Amended and Restated Limited Liability Company Agreement of LP2A LLC.

I make this personal guaranty in consideration for Mr. Pinkerton dismissing Limantzakis Properties LLC, Limantzakis Properties No. 1 LLC, Limantzakis Properties No. 2 LLC, Limantzakis Development LLC, John Limantzakis, Polette Limantzakis, Johnny Limantzakis, and Johnette Limantzakis (a.k.a. Johnette Katsanevas) from the above-referenced lawsuit, and with the intent of Mr. Pinkerton having an assured means of collecting any judgment in the above-referenced matter if LP2A LLC does not pay it, notwithstanding his dismissing these individuals and entities from the lawsuit.

Beginning on the eleventh day after appeals are exhausted and the judgment becomes final, Mr. Pinkerton may take any legal action against me or my estate for any payment owed under this Guaranty, without prior notice thereof. I hereby waive any defenses and notice to any such action, including but not limited to presentment, demand, notice of dishonor, protest, and all other defenses and notices whatsoever. In the event Mr. Pinkerton takes legal action to enforce this Guaranty, he shall also be entitled to receive by me or my estate any and all attorney fees and costs incurred in such action.

Guarantor: _____   Date: _____
              John Limantzakis

Print Name: _____   SSN _____

Address: _____